Opinion filed February 19, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 19, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00162-CR

                                            _________

 

                                    EX PARTE ROBERT C. MORRIS

 



 

                                          On
Appeal from the 29th District Court

 

                                                       Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 11530

 



 

                                             M E
M O R A N D U M    O P I N I O N

This
is an appeal pursuant to Tex. R. App. P.
31.  In 2001, Robert C. Morris was convicted, upon his plea of guilty, of
possession of child pornography.  The trial court assessed his punishment at
confinement for ten years and a $2,500 fine.  Pursuant to the plea bargain
agreement, the trial court suspended the imposition of the sentence and placed
appellant on community supervision for ten years.  In 2007, appellant filed an
application for writ of habeas corpus under Tex.
Code Crim. Proc. Ann. art. 11.072 (Vernon 2005) on the grounds that he
was denied effective assistance of trial counsel, that the search of his
residence and the subsequent seizure of evidence was illegal, that he did not
voluntarily consent to the search, and that both his written statement and his
guilty plea were involuntarily entered.  The trial court denied the
application.  We affirm.








The
State raises jurisdictional concerns in its brief.  Article 11.072, section 8
provides that, if Athe
application is denied in whole or in part, the applicant may appeal under [Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 2006)] and Rule 31.@ 
In its order, the trial court stated that, after having Aconsidered the evidence,@ it found that the
application Ashould be
. . . denied.@ 
Pursuant to Article 11.072, section 8 and Rule 31, the jurisdiction of this
court has been invoked. We note that the cases cited by the State involved
applications filed under statutory provisions other than Article 11.072.

Pursuant
to Rules 31.1 and 31.2, this appeal will be determined upon the law and the
record before this court.  The sole purpose is to do justice to the parties,
and any incidental questions will not be considered.  Rule 31.2.

In
order to take advantage of the relief offered under Article 11.072, the
applicant must currently be on community supervision and must not be able to
obtain relief as the result of a direct appeal under Article 44.02.  To the
extent that appellant is challenging issues that he could have raised in a
direct appeal from his 2001 conviction, his contentions are dismissed for want
of jurisdiction.  The record before us is unclear whether appellant would have
been able to have complied with the requirements of perfecting a direct appeal
under former Tex. R.
App. P. 25.2(b)(3). Therefore,
we will address the issues that he could not have been able to raise in a
direct appeal from a plea bargain agreement situation.

Appellant
complains on appeal that his retained counsel was ineffective for failing to
file pretrial motions to suppress the evidence seized from his computer because
the search was conduct without his consent, without a warrant, and without any
valid exigent circumstances.  He also sought to suppress his statement. 
Appellant also contends that his trial counsel was ineffective because counsel
failed to convey Aall
possible avenues of defense@
and instead provided Amisinformation
and erroneous advice@
that resulted in his involuntary plea of guilty.  Appellant acknowledges that
the trial court properly admonished him at the plea hearing.  








In
order to prevail in his arguments that he was denied effective assistance of
counsel, appellant must show that trial counsel=s
representation fell below an objective standard of reasonableness and that
there is a reasonable probability that the result would have been different but
for counsel=s errors. 
Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington,
466 U.S. 668 (1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App.
2005); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999).  Texas
law requires the appellate court to indulge a strong presumption that counsel=s conduct fell within the
wide range of reasonable professional assistance, and appellant must overcome
the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002); Stafford v. State, 813 S.W.2d 503, 508-09 (Tex. Crim.
App. 1991). 

The
record before us does not support appellant=s
contentions that his trial counsel=s
representation fell below an objective standard of reasonableness, that the
trial court abused its discretion by denying his application for writ of habeas
corpus, or that his constitutional and statutory protections were violated. 
Trial counsel filed an affidavit in response to appellant=s application in which
counsel stated that, at all times, appellant:

 [I]ndicated to me
that he had voluntarily cooperated with the Mineral Wells Police Department in
their investigation.  He repeatedly stated that he wanted to help the Police
Department eradicate child pornography.  He stated that he had repeatedly told
the lead investigator that he was willing to cooperate and help the Police
Department in any way possible.

 

In
the course of my representation I interviewed Detective Mike McAllester, and
Detective Johnny Guiterrez regarding the search and the evidence seized. 
Detective McAllester told me that, after requesting him to do so, Applicant
went to the Police Department to open his computer to allow access to the
images.  During this informal discovery process, I examined the search warrant
and the attendant documents, the consent to search form, the waiver of right
statement, and the written statement given to Detective McAllester by
Applicant.  I also examined the evidence of child pornography, which included
still photographs, and computer images, which was seized from Applicant=s residence and his
computer.  I obtained copies of the formal documents, but, of course, not of
the evidence itself.

 

In
my opinion, the evidence supported the crime charged.  I felt very strongly
that a jury would be horrified and incensed about the images to be presented at
a trial and would react accordingly with their verdict.

 








In my interviews
with Applicant, he reiterated the point that he did not pay for any of the
materials, but that he found them on the internet and downloaded them.  At no
time did he raise any points regarding any coercion, threats, displaying
weapons, or such similar conduct by the Mineral Wells Police Department as
raised in the Application for Writ of Habeas Corpus.  At all times Applicant
expressly told me that his actions were voluntary.  He repeatedly stated that
he gave his confession and his assistance to the Mineral Wells Police
Department because he wanted to help them in the elimination of child
pornography.

 

His stated goal
to me was to not go to prison and to resolve this matter as quickly and
efficiently as possible.  In that regards I initiated conversations with the
District Attorney who eventually offered me a plea bargain offer which
consisted of a probation term and a fine.

 

I communicated
the plea bargain offer to Applicant and explained to him in detail the aspects
of the case and the status of Texas law.  I also explained to him that in my
opinion there was sufficient evidence for a jury to find him guilty of the
offense of Possession of Child Pornography.  At that time Applicant readily
agreed to accept the plea bargain [agreement] offer.

 

At the guilty
plea hearing, Applicant and I reviewed the plea bargain papers.  I explained to
him each paragraph and allowed him the opportunity to ask any questions.  Based
on my recollection, he did not do so.  He indicated that he fully understood
the terms of the plea bargain, and the paperwork to which he affixed his
signature.  At no time did I coerce Applicant into signing the documents,
accepting the plea bargain offer, or pleading guilty to the crime charged.

 

Applicant=s charge in ground number 5
that Awhen in Court
counsel >told= Applicant to say >yes= to everything the Judge
asked . . .@ is only
partially true.  As is my usual practice, I told Applicant to always say Ayes sir@ or Ano sir@
when addressing the Court.  Applicant has conveniently forgotten part of this
instruction.

 

The decision to
accept the plea bargain offer and to plead guilty was made by Applicant of his
own accord with no coercion by me.

 

Trial counsel=s trial strategy was
clearly to represent appellant in such a matter as to secure appellant=s goal Ato not go to prison.@  As stated, there is a
strong presumption that trial counsel was competent. Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  An appellant has the burden of
rebutting this presumption by presenting evidence that trial counsel=s conduct fell outside the
range of reasonable professional assistance. Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001).  Appellant has not carried his burden under Strickland.

All of appellant=s
contentions properly before this court have been considered.  Each has been
overruled.








The
trial court did not abuse its discretion.  Kniatt v. State, 206 S.W.3d
657, 664 (Tex. Crim. App. 2006).  The order of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

February 19,
2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.